


MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MEMO ENDORSED**

Caryn Rosencrantz
Phone: (212) 788-1276
Fax: (212) 788-9776
crosencr@law.nyc.gov

June 11, 2008

**BY HAND DELIVERY**
Honorable Theodore H. Katz
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  Charles Williams v. Lavel Saunderson, Shield NO. 2321, 08-CV-2829 (PKC) (THK)[1]

Your Honor:

      As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights action, I write to respectfully request that defendant New York City Department of Correction Officer Lavel Saudnerson's time to answer or otherwise respond to the complaint in this action be enlarged sixty (60) days from June 11, 2008 to and including August 11, 2008. *Pro se* plaintiff, Charles Williams, is currently incarcerated and therefore, I am unable to reach him in order to obtain his consent. However, I have no reason to believe that he would object to this request for an initial enlargement of time.

      The complaint alleges, *inter alia*, that on January 25, 2008, New York Department of Correction Officer Lavel Saudnerson employed excessive force against plaintiff in violation of his civil rights. As a threshold matter, an enlargement of time will allow this office to forward to plaintiff for execution authorizations for the release of the underlying arrest, criminal prosecution and medical records. Defendant cannot obtain these records without the

---

[1] This case has been assigned to Assistant Corporation Counsel Katherine E. Smith, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Smith may be reached directly at (212) 513-0462.

COPIES MAILED
TO COUNSEL OF RECORD ON 6/12/08

authorizations, and without the records, defendant cannot properly assess this case or respond to the complaint. Accordingly, defendant requires this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, an enlargement of time is necessary to resolve representation issues. Plaintiff names Lavel Saudnerson as a defendant.[2] Pursuant to Section 50-K of the New York General Municipal Law, the Corporation Counsel's office must determine based on a review of the facts of the case, whether we may represent Officer Saunderson. Officer Saunderson must then decided whether he wishes to be represented by the Corporation Counsel, and if so, the Corporation Counsel's office must obtain his written authorization.

No previous request for an enlargement of time has been made. Accordingly, defendant respectfully requests that the time to answer or otherwise respond to the complaint in this action be enlarged sixty (60) days from June 11, 2008 to and including August 11, 2008.

I thank Your Honor for considering the within request.

Respectfully submitted,

*[signature]*

Caryn Rosencrantz (CR 3477)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Charles Williams (#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)
      *Pro Se* Plaintiff
      O.B.C.C., 1600 Hazen Street
      East Elmhurst, New York, 11370
      (By First Class Mail)

*The response to the Complaint shall be filed by August 11, 2008.*

**SO ORDERED**
6/12/08
*[signature]*
THEODORE H. KATZ
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This office has not yet discussed with defendant Saunderson the manner of service, and we make no representation herein as to the adequacy of process. Although this office does not currently represent defendant Saunderson, and assuming he was properly served, this office respectfully requests this extension on his behalf so that his defenses are not jeopardized while representational issues are being decided.

2